UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

FILED
DEC 1 3 2007
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ______ DEPUTY CLERK

| | | |
|---|---|---|
| TINA SUE THETFORD and RICKY ALLEN THETFORD, Individually and as Next Friends of CHARLES PRESTON THETFORD, | § | |
| Plaintiffs, | § | No. MO-07-CV 104 |
| vs. | § | |
| DAVOL, INC., and C. R. BARD, INC., | § | |
| Defendants. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THE COURT:

COME NOW Plaintiffs Tina Sue Thetford and Ricky Allen Thetford, Individually and as Next Friend of Charles Preston Thetford, and file their Original Complaint, complaining of Davol, Inc., and C. R. Bard, Inc., and state the following:

**I. PARTIES**

1. Plaintiff Tina Sue Thetford is an individual who resides in Midland, Midland County, Texas.

2. Plaintiff Ricky Allen Thetford is an individual who resides in Midland, Midland County, Texas.

3. Defendant Davol, Inc. ("DAVOL") is a foreign corporation incorporated in the State of Delaware and with its principal place of business in Rhode Island. Defendant does not maintain a registered agent in the State of Texas. Said Defendant may be served with process by serving the



A true copy of the original, I certify.
Clerk, U.S. District Court
By ______ Deputy

Texas Secretary of State. The Secretary of State shall then deliver the citation to Defendant's registered agent, CT Corporation System, at 10 Weybosset Street, Providence, Rhode Island 02903.

4. Defendant C. R. Bard, Inc. ("BARD") is a foreign corporation doing incorporated in State of New Jersey and with its principal place of business in New Jersey. Defendant is doing business in the State of Texas and may be served with process by serving its registered agent, CT Corporation System, at 350 North St. Paul Street, Dallas, Texas 75201.

## II. Jurisdiction and Venue

5. Jurisdiction is proper pursuant to 28 U.S.C. § 1332. The matter in controversy in this civil action exceeds the sum or value of $75,000, exclusive of costs and interests, as to each defendant and is between citizens of different states.

6. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391. The events and omissions giving rise to this cause of action occurred in substantial part in this District, where Defendant transacts business.

## III. Facts

7. On December 15, 2005, Ms. Thetford underwent surgery at Midland Memorial Hospital to repair a ventral hernia. A Kugel patch was used in the repair.

8. In the months following the surgery, Ms. Thetford developed significant abdominal discomfort and pain. As a result, Ms. Thetford underwent a second surgery to remove the Kugel patch.

9. Defendants DAVOL and BARD designed, manufactured, and distributed the Kugel patch that was inserted into Ms. Thetford's body.

10. Defendants DAVOL and BARD, through their agents, servants, and employees, participated in the manufacture and delivery of the Kugel patch inserted into Ms. Thetford's body. The Kugel patch was defective and not suited for its intended purpose. Defendants DAVOL and BARD issued a product recall of Kugel patches, including the Kugel patch inserted into Ms. Thetford, after Ms. Thetford was implanted with the patch.

## IV. NEGLIGENCE CAUSE OF ACTION AGAINST DEFENDANTS DAVOL AND BARD

11. Defendants DAVOL and BARD placed the Kugel patch into the stream of commerce.

12. At all times relevant, Defendants DAVOL and BARD were responsible for designing, manufacturing, producing, testing, studying, inspecting, mixing, labeling, marketing, advertising, selling, promoting and/or distributing their patch, which was implanted in Ms. Thetford's abdomen.

13. At all relevant times, Defendants DAVOL and BARD had a duty to Ms. Thetford and other consumers of the Kugel patch to exercise reasonable care in order to properly design, manufacture, produce, test, study, inspect, label, market, advertise, sell, promote, and distribute these products. That includes a duty to warn of side effects and to warn of the risks, dangers, and adverse events associated with the Kugel patch. Defendants had a similar duty to warn Ms. Thetford's physicians.

14. Plaintiff would show this Court that the negligent acts and omissions of the Defendants, as set out herein, separately and collectively, were a direct and proximate cause of the incident in question and the resulting injuries and damages sustained by Plaintiff. The violations, negligent acts and omissions are, among others, as follows:

a. Failed to use due care in the design of the patch to prevent injury or risk of injury to those in whom the Kugel patches were implanted;

b. Failed to conduct adequate pre-clinical testing and research to determine the safety of the patch;

c. Failed to conduct adequate post-marketing surveillance to determine the safety of the patch;

d. Failed to accompany their products with proper warnings regarding all possible adverse side effects and complications associated with the use of the patch and the comparative severity and duration of such adverse effects;

e. Failed to adequately report adverse events associated with the implantation of the patch.

f. Failed to use due care in the inspection of the patch to prevent the injury and risk of injury to individuals when the patch was implanted;

g. Failed to use due care in the manufacture of the patch to prevent injury and risk of injury to individuals in whom the patch was implanted;

h. Failed to use due care in the marketing of the patch to prevent the injury and risk of injury to individuals when the patch was implanted;

i. Failed to use due care in the labeling of the patch to prevent the injury and risk of injury to individuals when the patch was implanted;

j. Failed to use due care in the marketing of the patch to prevent the injury and risk of injury to individuals when the patch was implanted;

k. Failed to use due care in the promotion of the patch to prevent the injury and risk of injury to individuals when the patch was implanted;

l. Failed to use due care in the selling of the patch to prevent the injury and risk of injury to individuals when the patch was implanted;

m. Failed to provide adequate information to healthcare providers regarding the risks associated with the implementation of the patch;

n. Failed to adequately warn about the health consequences, risks, and adverse events caused by the patch; and

o. Were otherwise careless or negligent.

Case 7:07-cv-00104-RAJ Document 1 Filed 12/13/2007 Page 5 of 10

15. Defendants DAVOL and BARD knew or should have known that the patch caused unreasonable harm and dangerous side effects that many recipients would be unable to remedy by any means. Despite this, Defendants continued to promote and market the patches for use by consumers, including Ms. Thetford.

16. It was foreseeable to Defendants DAVOL and BARD that consumers, including Ms. Thetford, would suffer injury as a result of Defendants' failure to exercise ordinary care as described herein.

17. As a direct and proximate result of Defendants' conduct, Ms. Thetford suffered the injuries and damages specified herein.

## V. STRICT LIABILITY (FAILURE TO WARN) CAUSE OF ACTION AGAINST DEFENDANTS DAVOL AND BARD

18. Plaintiff realleges all previous paragraphs.

19. Defendants DAVOL and BARD manufactured and/or supplied the patch described herein and at all material times were in the business of doing so. They placed those products in the stream of commerce. The patch was expected to and did, reach Ms. Thetford without substantial change in its condition.

20. When Defendants DAVOL and BARD placed the patch into the stream of commerce, they failed to accompany it with adequate warnings of the patch's dangerous propensities that were either known or reasonably scientifically knowable at the time of the manufacture and distribution.

21. Defendants DAVOL and BARD failed to warn Ms. Thetford's physicians and by extension, Ms. Thetford, of the true risks and dangers and of the symptoms, scope, and severity of the potential complications of the patch.

22. Due to the inadequate warnings as alleged herein, at the time the patch left Defendants' hands, it was unreasonably dangerous and defective.

23. Had Defendants DAVOL and BARD provided adequate warnings and instructions, Ms. Thetford would not have had the patch implanted and would not have suffered the personal injuries she did.

24. The Defect in the product was a producing cause of the injuries and damages specified herein.

## V. STRICT LIABILITY (DESIGN DEFECT) CAUSE OF ACTION AGAINST DEFENDANTS DAVOL AND BARD

25. Plaintiff realleges all previous paragraphs.

26. Defendants DAVOL and BARD manufactured and/or supplied the patch described herein and at all material times were in the business of doing so. They placed the patch into the stream of commerce. The patch was expected to and did, reach Ms. Thetford without substantial change in its condition.

27. At the time the patch left Defendants' hands, it was in a condition not contemplated by Ms. Thetford. Specifically, it was defectively designed and unreasonably dangerous as applicable law defines those terms.

28. The patch was dangerous to an extent beyond that which would be contemplated by the ordinary consumer. It was more dangerous than Ms. Thetford contemplated.

29. The risks associated with the use of the patch outweighed its utility.

30. At the time of manufacture, the likelihood the product would cause Ms. Thetford's harm or similar harms coupled with the seriousness of those harms, outweighed Defendants' burden in designing a product that would have prevented those harms.

31. There were practicable and feasible safer alternatives Defendants DAVOL and BARD could have produced and sold.

32. The design defects in the product were a producing cause of the injuries and damages specified herein.

## VI. BREACH OF IMPLIED WARRANTY CAUSE OF ACTION AGAINST DEFENDANTS DAVOL AND BARD

33. Plaintiff realleges all previous paragraphs.

34. At the time Defendants DAVOL and BARD designed, manufactured, produced, tested, studied, inspected, labeled, marketed, advertised, sold, promoted, and distributed the patch for use by Ms. Thetford, they knew of the use for which the patch was intended and impliedly warranted their products to be of merchantable quality and safe and fit for their intended use.

35. Contrary to such implied warranty, the patch was not of merchantable quality and was not safe and/or was not fit for its intended use. It was unreasonably dangerous and unfit for the ordinary purposes for which they were used, as alleged herein. Defendants failed to warn of known or reasonably scientifically knowable defects in the patch.

36. As a direct and proximate result of Defendants' conduct, Ms. Thetford suffered the injuries and damages described herein.

## VII. DAMAGES TO PLAINTIFF TINA SUE THETFORD

37. As a result of the incident described herein, Plaintiff Tina Sue Thetford incurred reasonable and necessary medical expenses and, in all reasonable probability, such medical expenses will continue in the future.

Case 7:07-cv-00104-RAJ Document 1 Filed 12/13/2007 Page 8 of 10

38. Plaintiff Tina Sue Thetford has experienced mental anguish in the past as a result of her physical injuries and, in all reasonable probability, will sustain mental anguish in the future as a result of her physical injuries.

39. Plaintiff Tina Sue Thetford experienced physical pain and suffering in the past as a result of her physical injuries, and in all reasonable probability, will sustain physical pain and suffering in the future as a result of her physical injuries.

40. Plaintiff Tina Sue Thetford has experienced physical impairment or physical incapacity in the past as a result of the incident and, in all reasonable probability, will sustain physical impairment or physical incapacity in the future.

41. Plaintiff Tina Sue Thetford has suffered lost wages and/or lost earning capacity in the past as a result of the incident and, in all reasonable probability, such lost earning capacity will continue in the future.

42. Plaintiff Tina Sue Thetford has suffered disfigurement in the past as a result of the incident and, in all reasonable probability, such disfigurement will continue in the future.

43. As a result of the above, Plaintiff Tina Sue Thetford seeks damages in excess of $75,000.00.

## VIII. Damages to Plaintiff Ricky Allen Thetford

44. As a result of the incident made the basis of this lawsuit, Plaintiff Ricky Allen Thetford, husband of Plaintiff Tina Sue Thetford, has suffered a loss of consortium and a loss of household services for which he is entitled to receive fair and just compensation.

45. As a result of the above, Plaintiff Tina Sue Thetford seeks damages in excess of $75,000.00.

## IV. Damages To Minor Plaintiff Charles Preston Thetford

46. As a result of the incident made the basis of this lawsuit, Minor Plaintiff Charles Preston Thetford, child of Plaintiff Tina Sue Thetford and Plaintiff Ricky Allen, has suffered a loss of consortium because of the serious injuries suffered by his mother and the impairment of the mother-child relationship and a loss of household services for which he is entitled to receive fair and just compensation.

47. As a result of the above, Plaintiff Tina Sue Thetford seeks damages in excess of $75,000.00.

## X. Exemplary Damages

48. For additional causes of action, Plaintiffs re-pleads as fully as though set forth in this paragraph all allegations previously plead and alleges that all the acts and omissions on the part of the Defendants, taken singularly or in combination, constitute gross negligence and were the proximate cause of the damages and injuries of Plaintiff as alleged herein. This gross negligence entitles the Plaintiff to exemplary damages. Specifically, Plaintiff alleges that the Defendant's acts were more than momentary thoughtlessness, inadvertence, or error of judgment. The Defendant acted with such an entire want of care to establish that the acts and/or omissions were the result of actual conscious indifference to the rights, safety or welfare of the Plaintiff. Plaintiff seeks exemplary damages against the Defendant in the amount of four times Plaintiff's actual damages or to punish Defendant for her wrongdoing and to deter other individuals and companies that might be tempted to engage in the same or similar conduct.

Case 7:07-cv-00104-RAJ Document 1 Filed 12/13/2007 Page 10 of 10

## XI. CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

49. Plaintiffs claim all lawful pre-judgment and post-judgment interest on the damages suffered by them.

## XII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein and upon final hearing of this cause, Plaintiffs have judgment against the Defendants for damages described herein, for cost of suit, interest from the date of the incident and for such other relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

Alfred W. Ellis
State Bar No. 06560000
*Of Counsel*
SOMMERMAN & QUESADA, L.L.P.
3811 Turtle Creek Boulevard, Suite 1400
Dallas, Texas 75219-4461
(214) 720-0720 (Telephone)
(214) 720-0184 (Facsimile)

ATTORNEYS FOR PLAINTIFFS

# BARCODE VERSION 1.0.0

**Main Document, No Attachments**

Created By:

Mendenhall, Sharon M.

Route to:

Mendenhall, Sharon M.

Document Description:

Transferring to MDL #1804 in Rhode Island

Case Number:

MO:07-CV-00104

Judge:

Robert Junell